UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOPHY N.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 2:25-CV-02389-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of his application for supplemental security income ("SSI").[1] Had the post-hearing submission of the medical opinion been considered, the residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. This error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

## I.    Procedural History

Plaintiff filed his application for SSI on September 30, 2019. AR 194. His claim was denied initially on February 26, 2021, and upon reconsideration on October 7, 2021. AR 194, 199. A hearing was held before ALJ Virginia Robinson on September 13, 2022, and on March 31, 2023, ALJ Cecilia LaCara[2] ("the ALJ") issued a decision denying Plaintiff's claim. AR 140, 209–27. That decision was remanded by the Appeals Council on January 12, 2024. AR 233.

The matter came on for a second hearing on September 9, 2024, and by decision entered December 5, 2024, the ALJ again concluded that Plaintiff was not disabled. AR 17–30. From this decision, Plaintiff filed a complaint with this Court on December 2, 2025, seeking judicial review of the ALJ's decision denying benefits. Dkt. 5.

## II.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

---

[2] ALJ Virginia Robinson was "unavailable due to an extended absence of 20 or more days" and the case was "reassigned to be decided by the undersigned, Administrative Law Judge Cecilia LaCara" pursuant to "HALLEX I-2-1-55(F)(2)." AR 212.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III.    Discussion

In his Opening Brief, Plaintiff argues that "[t]he 'new and material' evidence submitted to the Appeals Council undermines the ALJ's determination[,] warranting a remand in order for the ALJ to consider the evidence." Dkt. 10 at 3. Specifically, Plaintiff alleges that "[t]here is a reasonable probability that[,] had the ALJ had an opportunity to review" the medical opinion of Dr. Melisa Mulick ("Dr. Mulick"), "it would have changed the outcome of the case because the opinion includes greater limitations than those accounted for in the RFC." *Id.* at 5.

For SSI applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the ALJ must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each opinion using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). A medical opinion is more "supportable," and therefore, more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for the medical opinion. *Woods*, 32 F.4th at 793 n.4. "Consistency means the extent to which a

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). An ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's opinion" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

On June 14, 2024, Dr. Mulick submitted a "Psychological/Psychiatric Evaluation" in support of Plaintiff's claim for SSI. AR 37. In her evaluation, Dr. Mulick conducted "[t]he Beck Depression Inventory, 2nd Edition (BDI-2) and the Beck Anxiety Inventory (BAI) . . . in order to assess [Plaintiff]'s levels of depression and anxiety and achieve more diagnostic clarity." AR 38. Following these tests, Dr. Mulick observed that Plaintiff's BDI-2 was "indicative of 'severe depression'" and his BAI was "indicative of 'severe anxiety[.]'" *Id.* Furthermore, Dr. Mulick opined that Plaintiff had severe depression, anxiety, trauma, paranoia, and panic that impacted him "daily." AR 38–39.[3]

When considering Plaintiff's "ability to sustain the activity over a normal workday and workweek on an ongoing, appropriate, and independent basis[,]" Dr. Mulick observed that Plaintiff had "severe" limitations in every enumerated activity. AR 39. Dr. Mulick ultimately diagnosed Plaintiff with posttraumatic stress disorder ("PTSD"); major depressive disorder, "recurrent episode, [w]ith psychotic features, [w]ith mood-congruent psychotic features[;]" and agoraphobia. *Id.*

---

[3] Dr. Mulick also opined that Plaintiff experienced "moderate" hallucinations with a "daily" frequency. AR 39.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

The Appeals Council denied Plaintiff's request for review of the ALJ's December 5, 2024, decision. AR 1–3. As to the medical opinion of Dr. Mulick, the Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." AR 2. The Appeals Council gave no further explanation as to how it evaluated the new medical opinion evidence. *Id.* "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

As discussed, *supra*, Dr. Mulick diagnosed Plaintiff with PTSD, depression, and agoraphobia. AR 39. She opined that Plaintiff suffered "severe" limitations in his ability to "[u]nderstand, remember, and persist in tasks by following very short and simple instructions[,]" whereas the ALJ found Plaintiff only had a "moderate limitation" in this area. AR 20, 39. Dr. Mulick found Plaintiff would have severe limitations in his ability to "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision[,]" while the ALJ determined Plaintiff would not be limited in this area in Plaintiff's RFC. AR 22, 39.

Dr. Mulick also opined that Plaintiff would have severe limitations in his ability to "[c]ommunicate and perform effectively in a work setting[,]" while the ALJ determined that Plaintiff only had a "moderate" limitation in his ability to interact with others. AR 20, 39. Dr. Mulick observed "severe" limitations in Plaintiff's ability to "[c]omplete a normal work day and work week without interruptions from psychologically based symptoms[,]" while the ALJ did not include any limitations in this area of functioning in Plaintiff's RFC. AR 22, 39.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

Upon review, there are conflicts between the medical opinion of Dr. Mulick and the ALJ's assessment of limitations as set forth in Plaintiff's RFC. AR 20–22, 37–42. Therefore, this matter must be remanded to the Administration for consideration of Dr. Mulick's opinion, because consideration of her opinion may have changed Plaintiff's RFC, or the ultimate determination of disability may have changed. *See Doubt K. v. Comm'r, Soc. Sec. Admin.*, No. 6:23-CV-00120-YY, 2024 WL 1740023, at *3 (D. Or. Apr. 23, 2024) (observing that "courts have remanded cases wherein new medical opinion evidence expressed greater limitations than those determined by the ALJ" after the Appeals Council declined the Plaintiff's request for review) (citing *Javier V. R. v. Kijakazi*, No. 1:23-CV-3015-WFN, 2023 WL 6326562, at *3 (E.D. Wash. Sep. 28, 2023)). The ALJ must have an opportunity to review the conflicts between the limitations opined by Dr. Mulick and those in the ALJ's decision. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (the ALJ is responsible for "resolving conflicts in medical" evidence).

**IV.   Conclusion**

Based on the foregoing reason and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings, consistent with this order.

Dated this 15th day of April, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6